**RAYMOND MARSHALL, Executor, v. WILLIE E. HEWETT**

21 So. (2nd) 201                                January Term, 1945
March 9, 1945·                                          Division B

*J. M. & H. P. Sapp,* for appellant.

*H. V. McClellan* and *Marion B. Knight,* for appellee.

THOMAS, J.:

J. B. Hewett died, leaving a will which was admitted to probate 13 June 1944. The testator bequeathed and devised all property to his wife "to be used for her support and main-tenance but not to dispose of any real estate," and the instru-ment contained a provision that upon her death certain de-scribed realty should be divided between a grandson and a granddaughter, and the residue distributed among those and two other persons. The appellant was nominated executor, and upon qualifying to act in that capacity he was issued letters testamentary.

Two orders entered by the county judge the following month, and affirmed by the circuit judge, are brought here for review. In one of them the county judge commanded the executor to pay the widow $1,200 "as provided by law, for her support and maintenance during the first twelve months after the death of the testator" and permittted "the personal property belonging to the estate . . . [to] remain in the hands of [the] widow," in view of the possession by the executor, so the court concluded, of sufficient funds to pay all debts. By the other order the executor was directed to pay the relict approximately $250 expended by her and charged to the estate. So there are three matters under dis-pute: the award of maintenance, the permission to someone other than the executor to retain personal property, and the approval of the widow's claims.

The allowance seems to have been irregular. It was fixed at the lump sum of $1,200 to provide for the widow's main-tenance for twelve months, although, according to the statute on the subject, Section 733.20, Florida Statutes, 1941, and F.S.A., fourth in the order of payments of expenses and

claims appears the allowance for the support of the family, and in that statute there is the express provision for "equal periodic payments." Not only are payments of this nature specified, but limitations are placed upon their aggregate and the time they shall run, for it is provided that the allotment shall be made for "one year's support" and "in no event shall . . . exceed the sum or value of twelve hundred dollars;" also the county judge is authorized to modify or discontinue the remittances at any time. In view of the restrictions of time and amount and the reservation to the county judge of the power to alter the payments prescribed by him, we think it was not intended by the Legislature that one order should be entered for the maximum amount for the whole period. It is readily seen that if it developed that the sum granted was too liberal it would be necessary to recapture the money. On the other hand, if period payments are required they may be adjusted from time to time to meet the then needs of the widow or the children.

The order becomes more significant when considered in connection with the phase we shall now discuss. The inventory shows that there was on deposit in the bank about $3,300 and that the widow had custody of approximately $700. The effect of the court's action was to transfer to her nearly forty per cent of the cash in the executor's hands, which, added to the money she was allowed to retain, amounted to nearly one-half of the funds immediately available to pay debts. It is indicated, but not clearly established, that she had in her possession all other property of the estate as well. If this is the case, the executor was left to administer only about $1,800 of an estate which, according to the inventory, was valued at about $19,000. This order was entered despite the statutes requiring the personal representative to take possession of the personal and real property except the homestead, Section 733.01, Florida Statutes, 1941, and F.S.A., and admonishing that he be not required to "deliver any legacy or distributive share or to surrender possession of any land to any heir or devisee until the expiration of ten calendar months from the granting of letters," Section 734.02, Florida Statutes, 1941, and F.S.A.

It has been seen that the orders in this case were entered the month after the issuance of letters testamentary.

The order to pay her claims, too, was irregular. Some of the items seem to fall in the category of claims having priority, but all do not, and no reason has been given why they should not have been presented for approval in the regular course. Section 733.18, Florida Statutes, 1941, and F.S.A. There is no need, however, to dwell on this point, as the amounts of claims that were not preferred are inconsequential and the time prescribed by statute just quoted has now expired.

The orders under attack do not comport with the individual statutes we have cited or the general design of the law regulating the administration of estates, and we are therefore unable to agree with the circuit judge that they were proper.

Some attempt has been made by counsel to criticize the executor and bemoan the probable result of an opportunity on his part to administer the estate. A complete answer to these contentions is that he was the testator's personal choice, so far as the matter of personnel is concerned, and that the widow and others interested in the estate will be adequately protected under the provisions, inhibitions, and remedies of the probate act.

Reversed.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.